UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY RICHARD, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO: H-07-546 |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
|     Director of the Texas Department § | | |
|     of Criminal Justice - Correctional § | | |
|     Institutions Division, § | | |
|         Respondent. § | | |

**AMENDED MEMORANDUM AND RECOMMENDATION**

Petitioner Johnny Richard, an inmate of the Texas Department of Criminal Justice, has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, which has been referred to this magistrate judge for report and recommendation.[1] (Dkt. 4). Respondent has filed a motion for summary judgment. (Dkt. 10). The court recommends that Richard's application be dismissed.[2]

Richard complains that he lost seven days of recreation privilege as a result of disciplinary case number 20060367522 for possession of contraband. State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert the violation of a federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).

---

[1] Richard alleges that he paid the filing fee and has enclosed a copy of Money Order No. 92947318863070205770042. The clerk's office does not have a record of receiving this money order, nor is there a record of the money order being cashed. Nonetheless, this court will consider Richard's petition for habeas relief. The court's previous Memorandum and Recommendation of June 18, 2007 is withdrawn. *See* Dkt. 14.

[2] Richard's motion for temporary injunction is dismissed as moot.

When a disciplinary proceeding is challenged, habeas corpus procedures are appropriate if the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Richard's loss of seven days of recreation privilege does not affect the length of his sentence. Furthermore, Richard has not lost any good time credits, nor is he eligible for mandatory supervision since he was convicted of robbery under Section 29.02 of the Texas Penal Code.

For the reasons discussed above, the court recommends that petitioner's application for writ of habeas corpus be denied with prejudice. The court further finds that Richard has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on August 10, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge